# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

No. 344
STARK ELECTRIC RD. CO. v. McFARLAND
Ohio Appeals, 7th Dist., Mahoning County
Decided Jan. 4, 1924

118. AUTOMOBILES—No error held to exist in court's charge concerning duty of motorman—Verdict held not manifestly against weight of evidence—Verdict as to amount for disfigurement hard to ascertain, and $5,000 held not excessive.

POLLOCK, J.                Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action for personal injuries by Garnet McFarland against the Stark Electric Railway Company. In October, 1921, at about 11 o'clock P. M. plaintiff was riding in an automobile which was being operated by Hugh Taylor, when at a certain street intersection in the City of Alliance the automobile collided with an interurban car. The evidence indicated that plaintiff had been out riding with Taylor and others and that at the time of the accident it was dark and rainy. The evidence was greatly in conflict as to the speed the street car was traveling, as to whether or not a warning was given, as to whether the automobile was struck by the front end of the street car and as to whether it collided with the side of the street car. The plaintiff's injuries consisted mostly of cuts and lacerations on her face, resulting in scars. The jury returned a verdict in favor of plaintiff in the sum of $5,000. The defendant prosecuted error, claiming many errors in the course of the trial. The most important of these errors were: error in giving certain requests of plaintiff, the verdict was manifestly against the weight of evidence, and that the verdict was excessive. In sustaining the judgment of the lower court, the Court of Appeals held:

1. In giving the request "The Court says to you as a matter of law it was the duty of the motorman operating the car on behalf of the defendant company to exercise ordinary care in giving notice and warning of the car's approach," no error was committed by the court, as it substantially stated the law.

2. That the verdict was not manifestly against the weight of the evidence.

3. That the verdict was not excessive and the amount of compensation that one should receive for disfigurement is hard to ascertain, and it cannot be said that the finding of the jury on this subject was excessive in this respect.

Attorneys—Hart & Koehler, Alliance, for Electric Co.; Pfau & Carlyle, for McFarland.

No. 345
BARDONS v. BARDONS
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4765. Decided Feb. 20, 1924
Chittenden, Winkade and Richards, JJ., sitting.

413. DIVORCE AND ALIMONY—Decree ordering husband to quit claim inchoate dower in wife's property held erroneous.

For summary of this case pending in Supreme Court, see 2 Abs. 276.

CHITTENDEN, J.                Epitomized Opinion
Published Only in Ohio Law Abstract

Mary Bardons sued George Bardons for alimony in Cuyahoga Common Pleas. He, by cross-petition, prayed for a divorce, which was granted. The decree provided, among other things, that he quit claim all his dower interest in her real estate. In modifying the decree, the Court of Appeals held:

1. "In divorce and alimony proceedings, the court does not exercise general equity powers, but is controlled by statute, 107 OS. 525. Therefore, by Sec. 11993 GC., so far as the decree requires the husband to release his right of dower in the property of the wife, the decree is erroneous and contrary to law and should be modified so as to eliminate this provision."

Attorneys—Baker, Hostetler & Sidlo and H. G. Gahn, for Mary; Payer, Winch, Minshall & Karch, for G. Bardons, all of Cleveland.